IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JESSE B. TUCKER,              )
                              )
    Plaintiff,             )
                              )
v.                            )    NO. 3:08-00522
                              )    JUDGE HAYNES
CHIEF RONAL SERPAS, et al.,   )
                              )
    Defendants.            )

## MEMORANDUM

Plaintiff, Jessie B. Tucker, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Metropolitan Nashville Police Department, Chief Ronal Serpas, Lieutenant Duane Phillips, North Crime Suppression Unit, Officer Jean McCormick and Officer Yannick Dislavries. Plaintiff asserts claims that Defendants' acts amount to "excessive force" in violation of his Fourth Amendment rights. Plaintiff's claims against the Metropolitan Nashville Police Department and the North Crime Suppression Unit were previously dismissed (Docket Entry No. 23), and Plaintiff filed an amended complaint naming four additional Defendants: Officer Jessie Tharpe, Officer Dale BeCraft, Officer Ken Bray, and Sgt. Brink Fidler.

In his amended complaint, Plaintiff alleges that on July 20, 2007, he was forced into an unavoidable collision with a police vehicle and shot at after police officers followed him after allegedly completing a drug transaction that was under surveillance. Plaintiff alleges that Dislavries positioned his vehicle in front of Plaintiff's vehicle and forced Plaintiff to stop on the interstate. Plaintiff further alleges McCormack discharged her weapon into the back passenger-side window of Plaintiff's car "without provocation." Neither Defendant Serpas, Metro's Chief

-1-

of Police, nor Defendant Phillips is alleged to have committed any acts against Plaintiff during the incident. Defendants Serpas and Phillips are sued solely as supervisors who later allegedly acquiesced and ratified the roadblock at issue.

Before the Court are the motion to dismiss (Docket Entry No. 49) on the basis of qualified immunity filed by Defendants Serpas and Phillips and the motion to dismiss (Docket Entry No. 52) based upon the statute of limitations filed by Defendants Tharpe, BeCraft, Bray, and Fidler. Plaintiff's response to Defendants Tharpe, BeCraft, Bray, and Fidler contends, in essence, that the filing of the original complaint put those Defendants on notice of this action, and his amended complaint relates back to the original complaint. Plaintiff also argues that the liberal pleading standards for pro se litigants should allow his claims to withstand the statute of limitations. Plaintiff did not respond to the motion to dismiss filed by Defendants Serpas and Phillips, but had responded to an earlier motion to dismiss by those Defendants of similar substance. Plaintiff's response there was that the attachments to his complaint reflect Defendants Serpas's and Phillip's ratification of the other Defendants' alleged unlawful conduct. (Docket Entry No. 16).

## CONCLUSIONS OF LAW

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hartford Fire Ins. Co. v. California, 509 U.S. 764, 811 (1993). Consideration of a motion to dismiss requires the Court to accept the Complaint's factual allegations as true and to construe the Complaint liberally in favor of Plaintiff. Perry v. Am. Tobacco Co., Inc., 324 F.3d 845, 848 (6th Cir. 2003). Despite such liberal construction, a court

"need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (internal quotation omitted). Indeed, "it is not...proper to assume that the [Plaintiff] can prove facts that it has not alleged or that the defendants have violated the...laws in ways that have not been alleged." Assoc. Gen. Contractors v. Cal. State Counsel of Carpenters, 459 U.S. 519, 526 (1983). Moreover, to survive a motion to dismiss under Rule 12(b)(6), "the complaint must contain 'either direct or inferential allegations respecting all the material elements'" of the claim. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court can grant the motion only if the complaint's allegation "raise a right to belief above the speculative level." Bell Atlantic Corp. v. Twobly, 550 U.S. 544, 554 (2007). Yet, "the allegations of the complaint should be construed favorably to the pleader," Scheuer v Rhodes, 416 U. S. 232, 36 (1974) and the Court must "treat all of the well-pleaded allegations of the complaint as true." Miree v. Dekalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Attachments to a complaint are treated as part of the complaint. See Fed. R. Civ. P. 10(c).

A state's statute of limitations applies to 42 U.S.C. § 1983 claims. Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005). Tennessee law provides for a one-year statute of limitations for civil actions brought under federal civil rights statutes. Id.; Tenn. Code Ann. § 28-3-104(3). In order to determine whether an amended complaint filed outside the limitations period is time-barred, Federal Rule of Civil Procedure 15(c) governs whether the amendment "relates back" to the original pleading.

Rule 15(c) of the Federal Rules of Civil Procedure provides that an amendment naming

-3-

new parties relates back to the filing of the original complaint only under certain conditions:

> An amendment to a pleading relates back to the date of the original pleading when…(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading [and] within [120 days] the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(2008). "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run." Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996) (emphasis added); Bauer v. Ohio Adult Parole Auth., 1999 WL 191334, at *2 (6th Cir. 1999) ("Bauer's amended complaint fails to relate back to the original complaint under Rule 15(c) because there was no mistake as to the identity of the proper party. In his amended complaint, Bauer added entirely new parties to the action, individuals he had not attempted to name in the original complaint.").

In Cox v. Treadway, plaintiffs sued "unnamed police officers" of the City of Louisville and the Kentucky State Police. The statute of limitations expired on June 20, 1991, and plaintiffs filed an amended complaint on March 30, 1992, in which they named four police officers as additional defendants. The Sixth Circuit affirmed the district court's decision dismissing the additional defendants, holding that new parties may not be added after the statute of limitations has run. The Sixth Circuit stated:

> The naming of "unknown police officers" in the original complaint does not save the pleading. Substituting a named defendant for a "John Doe" defendant is considered a change in parties, not a mere substitution of parties. Therefore, the requirements of Fed. R. Civ. P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint.

-4-

Cox v. Treadway, 75 F.3d 230, 239-240 (6th Cir. 1996).

Here, Plaintiff's amended complaint explicitly states that the arrest that forms the basis for this action occurred on July 20, 2007. (Docket Entry No. 29, Amended Complaint, at ¶ 18). Plaintiff's amended complaint adding Defendants Tharpe, Bray, BeCraft, and Fidler was not filed until March 4, 2009, more than one year after the accrual of the claim. Moreover, Plaintiff's letter to Defendant Serpas dated March 13, 2008 identifies "Fiddler" and "Tharpe" by name, yet Plaintiff did not include them as Defendants when he filed this action a month later. Plaintiff's argument that he was "mistaken" as to the identities of these Defendants when he filed the original complaint therefore is not well taken. Because Plaintiff's amended complaint attempts to add new parties, the claims against these Defendants are time-barred, and Defendants Tharpe's, Bray's, BeCraft's, and Fidler's motion to dismiss should be granted.

As to Defendants Serpas and Phillips, to be liable under 42 U.S.C. § 1983, a plaintiff must identify each defendant's role in the violation of his rights and describe how that defendant's conduct caused that violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 2005). To be liable under Section 1983 as supervisors, those defendants must have encouraged the specific incident of misconduct or ratified or participated in the alleged conduct. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727 (1996). "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999) (quoting Salehpour v. University of Tennessee, 159 F.3d 199, 206 (6th Cir. 1998), cert. denied, 526 U.S. 1115 (1999)).

In Poe v. Haydon, 853 F.2d 418 (6th Cir. 1988), the Sixth Circuit held that a state employee's claims of sexual harassment under § 1983 could not be sustained against the

supervisors of the offending employees. The Sixth Circuit stated:

> Even assuming the allegations in [plaintiff's] complaint are true, she has not averred that any of the supervisory officials who [are] defendants in this case actively participated in or authorized any harassment. . . . At best, [plaintiff] has merely claimed that the [supervisory officials] were aware of alleged harassment, but did not take appropriate action. This is insufficient to impose liability on supervisory personnel under § 1983.

Poe, 853 F.2d at 429.

In his complaint, Plaintiff does not allege that either Serpas or Phillips was personally involved in the July 20th incident giving rise to his claims. Plaintiff, however, does allege that Defendant Phillips did affirm the officers' conduct on behalf of Defendant Serpas in a response to Plaintiff's grievance. (Docket No. 1, Complaint, Attachment 1 thereto). This attachment is considered to be part of the complaint. Fed. R. Civ. P. 10(c). Assuming Plaintiff's claims are brought against Defendants Serpas and Phillips because they were acting in a supervisory capacity, the claim fails. Grinter v. Knight, 532 F.3d 567, 576 (6th Cir. 2008) (citing Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984)). Alternatively, if the allegation is brought against Defendants Serpas and Phillips for actions they committed for failing to intervene, the claim also fails. "The 'denial of administrative grievances or the failure to act' by [state] officials does not subject supervisors to liability under § 1983." Grinter, 532 F.3d at 576 (quoting Shehee, 199 F.3d at 300); see also Poe, 853 F.2d at 429. As such, the motion to dismiss Defendants Serpas and Phillips should be granted.

An appropriate Order is filed herewith

ENTERED this the 11th day of March, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge